Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES ROOT, an individual;<br><br>Plaintiff;<br><br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK; a national banking association; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; TRANS UNION LLC, a foreign limited-liability company;<br><br>Defendants. | Case No.: 2:20-cv-02267<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, James Root ("Plaintiff"), by and through the undersigned counsel of record, and for his claims for relief against Defendants, American Express National Bank ("Amex"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and Amex's breach of contract and breach of the implied covenant of good faith and fair dealing.

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the Breach of Contract and Breach

of the Implied Covenant of Good Faith and Fair Dealing claims against Amex under 28 U.S.C. § 1367 because the FCRA and contract claims are so related in the action that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, each claim involves the same transaction, contract, and series of events related to Amex's breach of contract.

4. Under 28 U.S.C. § 1391(b), venue in this District is proper because, at all relevant times, Plaintiff and Defendants resided and/or conducted business in the District of Nevada.

5. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## **PARTIES**

6. Plaintiff resides in the State of Nevada.

7. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

8. Amex is a national banking association doing business in the State of Nevada.

9. Amex regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

10. Experian is a foreign corporation doing business in the State of Nevada.

11. Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

12. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

13. Experian disburses said consumer reports to third parties under contract for monetary compensation.

14. Trans Union is a foreign limited-liability company doing business in the State of Nevada.

15. Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

16. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

17. Trans Union disburses said consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

18. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

19. On June 10, 2020, Plaintiff and Amex entered into an agreement to place Plaintiff's credit accounts, including Amex Account 349992XXXX (the "Account"), into Amex's Financial Relief Program (the "Financial Relief Agreement").

20. Under the Financial Relief Agreement, Amex and Plaintiff agreed to a reduced monthly payment for the Account.

21. Under the Financial Relief Agreement, Amex and Plaintiff agreed to report the Account as "current" so long as Plaintiff continued to make payments under the program.

22. Under the Financial Relief Agreement, Amex agreed to preserve the limits on Plaintiff's Amex credit cards while Plaintiff remained current in the program.

23. Plaintiff has made all payments on time under the agreement with Amex under the Financial Relief Agreement.

24. On or about July 2020, Plaintiff obtained copies of his Experian and Trans Union credit reports and became aware that Defendants were reporting the following inaccurate information concerning the Account:

- 30 days late
- Past Due Balance - $3,063

25. The inaccurate reporting arose out of a processing error made by Amex.

26. Under the Financial Relief Agreement, Amex agreed not to charge late fees.

27. Amex charged late fees to the Account despite the Account being current under the Financial Relief Agreement.

28. Amex made the credit line unavailable for use despite Plaintiff being current under the Financial Relief Agreement.

29. Plaintiff promptly made Amex aware of the errors, including in writing and in at least 17 phone calls, and Amex assured Plaintiff it would correct the errors.

30. In July 2020, Plaintiff submitted written disputes to Experian and Trans Union regarding the inaccurate Account.

31. On information and belief, Experian and Trans Union submitted Plaintiff's written disputes to Amex for investigation.

32. Despite receiving both written and verbal notice, Amex continued to report the inaccurate delinquencies for the Account for up to 120 days.

33. In a letter to Plaintiff, dated October 14, 2020, Amex admitted to Plaintiff that it failed to process Plaintiff's entrance into its Financial Relief Program, which caused the inaccurate derogatory information on his credit profiles ("Amex Letter").

34. In the Amex Letter, Amex stated that it "incorrectly processed the payment program enrollment."

35. Defendants failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's written disputes.

36. Upon receipt of Plaintiff's disputes of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

37. Defendants failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit reports.

38. In failing to delete the inaccurate information, Defendants continued to report inaccurate information in violation of the FCRA.

39. In failing to delete the inaccurate information, Defendants provided misleading information on Plaintiff's credit reports in violation of the FCRA.

40. Defendants' inaccurate reporting and Amex's breaches of the Financial Relief Agreement continue to affect Plaintiff's creditworthiness and credit score negatively.

41. Defendants' inaccurate reporting and Amex's breaches of the Financial Relief Agreement caused Plaintiff to receive a loan denial from the U.S. Small Business Administration ("SBA") for an Economic Injury Disaster Loan.

42. The SBA sent a denial to Plaintiff indicating that the reason for the loan denial was "unsatisfactory credit history."

43. Plaintiff would have qualified for the SBA loan had the Defendants reported the Account accurately and had Amex not breached the Financial Relief Agreement.

44. Defendants' inaccurate reporting and Amex's breaches of the Financial Relief Agreement caused Citibank to close Plaintiff's accounts.

45. Defendants' inaccurate reporting and Amex's breaches of the Financial Relief Agreement caused Chase to close Plaintiff's accounts.

46. Defendants' inaccurate reporting and Amex's breaches of the Financial Relief Agreement caused Plaintiff's business to be unable to rent a location.

## FIRST CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681e(b) against Experian and Trans Union]**

47. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

48. Experian and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each publishes and maintains concerning Plaintiff.

49. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit and loss of ability to purchase and benefit from credit.

50. Experian and Trans Union's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

Law Office of Kevin L. Hernandez
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
(702) 563-4450 FAX: (702) 552-0408

51. In the alternative, Experian and Trans Union were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

52. As a direct and proximate result of the above-referenced violations by Experian and Trans Union, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

53. Plaintiff is entitled to recover costs and attorneys' fees from Defendants in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

54. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

55. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

### [Violation of 15 U.S.C. § 1681i against Experian and Trans Union]

56. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

57. Experian and Trans Union violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned above-referenced inaccurate information in Plaintiff's credit files after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source each has reason to know is unreliable.

58. As a direct and proximate result of this conduct by Experian and Trans Union, Plaintiff suffered, and continues to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

59. Experian and Trans Union's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

60. In the alternative, Experian and Trans Union were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

61. Plaintiff is entitled to recover costs and attorneys' fees from Experian and Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

### THIRD CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against Amex]**

62. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

63. Amex violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiff's credit file with Experian and Trans Union; by failing to investigate Plaintiff's dispute properly; by failing to review all relevant information regarding Plaintiff's dispute; by failing to respond to Experian and Trans Union accurately; by failing to report results on Plaintiff's credit files correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

64. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

65. Amex's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

66. In the alternative, Amex was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

67. As a direct and proximate result of the above-referenced violations by Amex, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

68. Plaintiff is entitled to recover costs and attorney's fees from Amex in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

69. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

70. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

### FOURTH CLAIM FOR RELIEF

[**Breach of Contract against Amex**]

71. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

72. Plaintiff entered into a valid and enforceable contract with Amex, referenced above as the Financial Relief Agreement.

73. Plaintiff performed all terms, covenants, and conditions under the Financial Relief Agreement.

74. Amex breached the Financial Relief Agreement by failing and refusing to report accurately that Plaintiff made all payments required under the Financial Relief Program.

75. Amex breached the Financial Relief Agreement by failing and refusing to maintain Plaintiff's credit lines on his credit card accounts as agreed.

76. Amex breached the Financial Relief Agreement by failing and refusing to process Plaintiff's entrance into its Financial Relief Program as agreed.

77. Amex's breaches of the Financial Relief Agreement were unexcused.

78. As a result of Amex's breaches of the Financial Relief Agreement, Plaintiff has suffered damages, including without limitation, credit denials, loss of financial standing, embarrassment, and emotional distress.

79. As a result of Amex's breaches of the Financial Relief Agreement, Plaintiff has been forced to retain the services of legal counsel for which Plaintiff is entitled to recover such costs and expenses from Amex.

80. Plaintiff's damages were a foreseeable consequence of Amex's breach of the Financial Relief Agreement.

///

///

///

**FIFTH CLAIM FOR RELIEF**

[**Breach of the Implied Covenant of Good Faith and Fair Dealing against Amex**]

81. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

82. Plaintiff entered into a valid and enforceable contract with Amex, referenced above as the Financial Relief Agreement.

83. Every contract in Nevada includes an implied covenant of good faith and fair dealing, under which each party must act in a manner that is faithful to the purpose of the contract and the justified expectations of the other party.

84. Under the Financial Relief Agreement, Amex and Plaintiff agreed to a reduced monthly payment for the Account.

85. Under the Financial Relief Agreement, Amex and Plaintiff agreed to report the Account as "current" so long as Plaintiff continued to make payments under the program.

86. Under the Financial Relief Program, Amex agreed to preserve the limits on Plaintiff's Amex credit cards while Plaintiff remained current in the program.

87. Plaintiff performed all terms, covenants, and conditions of the Financial Relief Agreement.

88. Amex breached the implied covenant of good faith and fair dealing by inducing Plaintiff to enter into the Financial Relief Agreement while failing to take all necessary steps to complete the parties' agreement.

89. Amex breached the implied covenant of good faith and fair dealing by failing and/or refusing to take all actions reasonable and necessary to reduce the monthly payment on the Account to the agreed-upon terms.

90. Amex breached the implied covenant of good faith and fair dealing by failing and/or refusing to take all actions reasonable and necessary to report the Account as current each month.

91. Amex breached the implied covenant of good faith and fair dealing by failing and/or refusing to take all actions reasonable and necessary to preserve the limits on Plaintiff's Amex credit cards while Plaintiff remained current in the program.

92. Through these actions, Amex failed to act in a manner that is faithful to the purpose of the contract and the justified expectations of Plaintiff.

93. As a result of Amex's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages, including without limitation, credit denials, loss of financial standing, embarrassment, and emotional distress.

94. As a result of Amex's breach of the implied covenant of good faith and fair dealing, Plaintiff has been forced to retain the services of legal counsel for which Plaintiff is entitled to recover such costs and expenses from Amex

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: December 15, 2020

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*