1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES ROOT,

      Plaintiff(s),

v.

AMERICAN EXPRESS NATIONAL
BANK, et al.,

      Defendant(s).

Case No. 2:20-cv-02267-RFB-NJK

**Order**

[Docket No. 32]

Pending before the Court is Defendant American Express' motion to stay discovery pending resolution of its motion to compel arbitration. Docket No. 32; *see also* Docket No. 24 (motion to compel). Plaintiff filed a response in opposition. Docket No. 36. No reply was filed. Also pending before the Court is Defendant American Express' motion to extend the discovery cutoff. Docket No. 37. No response is needed on that motion. These motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **GRANTED** and the motion to extend is **DENIED** as moot.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and finds that motion sufficiently meritorious to warrant a stay. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). When the underlying motion is one seeking to compel arbitration, a stay is appropriate when the preliminary peek reveals

that there is a reasonable possibility or probability that the district judge will compel arbitration. *Arik v. Meyers*, 2020 WL 515843, at *1 (D. Nev. Jan. 31, 2020) (citing *Shaughnessy v. Credit Acceptance Corp. of Nev., Inc.*, 2007 WL 9728688, at *2-3 (D. Nev. Nov. 28, 2007)). Courts frequently stay discovery pending resolution of a motion to compel arbitration. *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *See Tradebay*, 278 F.R.D. at 602-03.

The Court finds each of the required elements met in this case.[1] The Court finds that the motion to compel arbitration is potentially dispositive and can be decided without additional discovery. Moreover, the Court's preliminary peek reveals that the motion is sufficiently meritorious to justify a stay of discovery as to American Express. *See, e.g.*, Docket No. 31 at 7-10 (rebutting Plaintiff's argument that the Financial Relief Program agreement superseded in all respects the cardmember agreements).[2,3]

Accordingly, the motion to stay discovery (Docket No. 32) is **GRANTED**.[4] To the extent resolution of the motion to compel does not result in the cessation of proceedings in this Court with respect to American Express, the parties must file a proposed joint discovery plan within 14

---

[1] The Court rejects Plaintiff's insinuation that Defendant must obtain a protective order rather than an order staying discovery. *See, e.g.*, Docket No. 36 at 10. An order staying discovery *is a protective order* issued pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *See Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997).

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to compel may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to compel in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to compel and subsequent briefing.

[3] American Express proffers other justifications for its request to stay discovery, including arguing that the Federal Arbitration Act mandates such relief. *See* Docket No. 32 at 10-11. Given the resolution of the motion on the ground discussed herein, the Court does not opine on the alternative arguments presented.

[4] The motion to stay discovery was limited in scope to seeking a stay of discovery as it pertains to American Express. *See, e.g.*, Docket No. 32 at 16 (seeking to "stay discovery as against American Express"). To be perfectly clear, discovery has not been stayed through issuance of this order as to any other defendant because no other defendant sought such relief.

days of the issuance of that order.  In light of the above, American Express' motion to extend (Docket No. 37) is **DENIED** as moot.

       IT IS SO ORDERED.

       Dated: June 16, 2021

                                                 Nancy J. Koppe
                                                 United States Magistrate Judge