UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES ROOT,<br><br>          Plaintiff,<br><br>     v.<br><br>AMERICAN EXPRESS NATIONAL BANK, *et al.*,<br><br>          Defendants. | Case No. 2:20-cv-02267-RFB-NJK<br><br>ORDER |

Before the Court is Defendant American Express National Bank's ("American Express") Motion to Confirm Arbitration Award (ECF No. 50). For the following reasons, the Court grants Defendant's motion.

I.     PROCEDURAL AND FACTUAL HISTORY

On December 15, 2020, Plaintiff James Root filed his Complaint. See ECF No. 1. On April 9, 2021, Defendant American Express filed a motion to compel arbitration and stay the action. See ECF No. 24. On April 20, Defendant Trans Union LLC joined this motion. See ECF No. 25. Two days later, Defendant Experian Information Solutions, Inc. also joined. See ECF No. 27. The motion was briefed by May 14. See ECF Nos. 29, 31.

On July 15, 2021, the Court granted the Parties' stipulation to dismiss Defendant Trans Union LLC. See ECF Nos. 41, 42. On July 21, the Court granted the Parties' stipulation to dismiss Defendant Experian Information Solutions, Inc. See ECF Nos. 43, 44.

On January 18, 2022, the Court granted the Motion to Compel but declined to stay proceedings pending the outcome of arbitration. See ECF No. 48. Instead, the Court dismissed the

action in its entirety. See id. Judgment in favor of American Express was entered on January 18. See ECF No. 49.

On February 4, Plaintiff filed a demand for arbitration before the Judicial Arbitration and Mediation Services ("JAMS"). The Arbitration was filed pursuant to the arbitration agreement contained within the Cardmember Agreement governing Plaintiff's American Express accounts. On December 19, Defendant American Express filed its counterclaim. On April 21, 2023, the Parties submitted a Stipulation to Entry of Judgment and Award for American Express National Bank's Counterclaims Against James Root, which was entered by the arbitrator on May 2. The final arbitration decision was not entered until June 5, 2024.

Defendant American Express filed the instant motion to confirm the arbitration award on January 27, 2025. See ECF No. 50. It was briefed by February 13. See ECF Nos. 51, 52. The Court's Order follows.

## II.    LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides district courts with jurisdiction to review arbitration awards. See 9 U.S.C. §§ 9–12. A party to an arbitration may apply to a district court for an order confirming the arbitration award. See id. § 9. To obtain confirmation of an award, the FAA requires the moving party to file: "(a) [t]he agreement; . . . (b) The award[;] . . . [and] (c) [e]ach notice, affidavit, or other paper used to confirm, modify, or correct the award . . . ." Id. § 13. A court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." Id. § 9.

A district court's review of an arbitration award is "both limited and highly deferential." Comedy Club, Inc. v. Improv W. Assocs., 553 F.3d 1277, 1288 (9th Cir. 2009); Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 994 (9th Cir. 2003) (en banc) ("The Federal Arbitration Act, 9 U.S.C. §§ 1–16, enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award."). Confirmation of arbitration awards "is required even in the face of erroneous findings of fact or misinterpretations of law." French v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 784 F.2d 902, 906 (9th Cir. 1986) (internal quotation marks

omitted). Reviewing the merits of an arbitration award is "beyond the scope" of a federal court's review. See Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 640–41 (9th Cir. 2010).

### III.   DISCUSSION

In its motion, Defendant American Express asks the Court to confirm the arbitration award and enter judgment against Plaintiff James Root. Plaintiff argues that Defendant's motion is untimely since it was filed nearly nine months after the expiration of the FAA's one-year limitations deadline.

The FAA provides, in relevant part, that "at any time within one year after the award is made[,] any party to the arbitration may apply to the court so specified for an order confirming the award . . . ." 9 U.S.C. § 9; see also Sheet Metal Workers Int'l Ass'n, Loc. Union 150 v. Air Sys. Eng'g, Inc., 831 F.2d 1509, 1512 (9th Cir. 1987) (stating that the FAA "provides a one-year period for confirmation of an arbitration award").

Plaintiffs rely on the May 2, 2023, date, when the Honorable Carl W. Hoffman entered a Stipulated Judgment and Award on American Express's counterclaims against Plaintiff. Defendant did not file the instant motion until January 27, 2025, over a year and eight months after this entry. However, "[h]istorically, for an arbitration award to be subject to judicial review, it must be final and binding as to all of the issues presented to the arbitrator." Chinmax Med. Sys. Inc. v. Alere San Diego, Inc., No. 10-CV-2467-WQH-NLS, 2011 WL 2135350, at 4 (S.D. Cal. May 27, 2011). "Because of the Congressional policy favoring arbitration when agreed to by the parties, judicial review of non-final arbitration awards 'should be indulged, if at all, only in the most extreme cases.'" Id. (citing Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1022 (9th Cir. 1991)).

While the arbitrator entered the Parties' stipulation on May 2, 2023, this stipulation did not resolve all of the issues presented to the arbitrator, including the claims Root asserted against American Express. It was not until the arbitrator's final award entered on June 5, 2024, that all the claims were resolved, and the arbitration award was final as to all issues. Defendant then filed the

pending motion within a year of that date. Therefore, the Court finds that Defendant's motion was timely.

### IV.  CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that Defendant American Express's Motion to Confirm Arbitration Award (ECF No. 50) is **GRANTED**.

**DATED:** September 29, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**